                                                                                     O

# United States District Court
# Central District of California

| | |
|---|---|
| SMITH MICRO SOFTWARE, INC., <br><br>　　　　　Plaintiff, <br><br>　　　v. <br><br>RELIANCE COMMUNICATIONS, LLC, <br><br>　　　　　Defendant. | Case No. 2:19-cv-03676-ODW (MRWx) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT [19]** |

## I.　INTRODUCTION

Plaintiff Smith Micro Software, Inc. ("Smith Micro") moves for default judgment against Defendant Reliance Communications, LLC ("Reliance") in this breach of contract action ("Motion"). (ECF No. 19.) For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion.[1]

## II.　BACKGROUND

On or about January 22, 2018, Smith Micro and Reliance entered into an express contract for the purchase, sale, and delivery of Smith Micro software and services. (Compl. ¶¶ 2, 9–11, Ex. 1 ("Agreement"), ECF No. 1.) Specifically, the Agreement provided that Smith Micro would provide integration services relating to device

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

management software for mobile devices that Smith Micro would deliver to Reliance, which software Reliance would then resell to its mobile carrier customers. (Compl. ¶ 9.) Reliance agreed to purchase a minimum of 500,000 licenses to the Software. (Compl. ¶ 11.) Smith Micro delivered to Reliance a Device Management Client (the software) and performed integration services pursuant to the Agreement. (Compl. ¶ 10.) Smith Micro met all schedule milestones and estimated delivery dates set forth in the Agreement and fully performed its obligations under the Agreement. (Compl. ¶¶ 12, 13.)

The Agreement provides that all invoice amounts are due and payable within thirty days of the invoice. (Compl. ¶ 14.) On February 5, 2018, Smith Micro invoiced Reliance for $24,000 in relation to Milestone One as defined in the Agreement. (Compl. 15, Ex. 2 ("February Invoice").) On June 30, 2018, Smith Micro invoiced Reliance for $110,000 in relation to Reliance's minimum purchase commitment of 500,000 licenses and a 20% license fee for the first year of software support, as provided in the Agreement. (Compl. ¶ 17, Ex. 3 ("First June Invoice").) Also on June 30, 2018, Smith Micro invoiced Reliance for $24,000 in relation to Milestone Three as defined in the Agreement. (Compl. ¶ 19, Ex. 4 ("Second June Invoice").) Reliance did not object to these invoices but also did not submit any related payments, despite Smith Micro's numerous requests. (Compl. ¶¶ 16, 18, 20.) The Agreement provides for a one and a half percent (1.5%) late payment charge per month for all past due amounts. (Compl. ¶ 21 (discussing Agreement § 4.1).)

The Agreement includes a choice of law provision applying California law. (Compl. ¶ 7 n.1 (quoting Agreement § 17.7).) The parties also consented to "the personal and exclusive jurisdiction of the federal and state courts of Orange County, California." (Compl. ¶ 7 (quoting Agreement § 17.7).) The "Choice of Law and Jurisdiction" provision "governs all claims arising out of or related to this Agreement." (Agreement § 17.7.)

On April 30, 2019, Smith Micro initiated this action against Reliance, bringing claims for (1) breach of contract, (2) account stated, (3) unjust enrichment, and (4) common count for goods and merchandise sold and delivered. (Compl. ¶¶ 8–44.) Through the Complaint, Smith Micro seeks $158,000 plus 1.5% late fee interest, pursuant to the unpaid invoices under the Agreement. (Compl. at 8.) Reliance has not appeared in this action despite being served with the Complaint on May 8, 2019. (Mot. 6; Proof of Service, ECF No. 9.) Upon Smith Micro's request, the Clerk entered default against Reliance on July 2, 2019. (Default, ECF No. 17.)

Smith Micro now moves for entry of default judgment against Reliance pursuant to Federal Rule of Civil Procedure 55(b)(2) and seeks $158,000 plus late fees and costs. (Mot. 4.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in FRCP 54(c) and 55, as well as Local Rules 55-1 and 55-2. Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1, 55-2. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and that (5) the defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "[A] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal

2002). In exercising discretion, a court must consider several factors (the "*Eitel* Factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the [FRCP] favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Generally, after the Clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

## IV. DISCUSSION

Smith Micro has complied with the relevant procedural requirements for entry of default judgment against Reliance and has established that the *Eitel* factors favor entry of default judgment on certain of its claims.

### A. Procedural Requirements

Smith Micro has complied with the relevant procedural requirements for entry of default judgment against Reliance by submitting a declaration which states: (1) the Clerk entered default against Reliance on July 2, 2019; (2) the default was entered on the Complaint appearing at ECF No. 1; (3)&(4) Reliance is not an infant or incompetent person, but a limited liability corporation, so the Servicemembers Civil Relief Act does not apply; (5) Reliance has failed to appear or otherwise respond to the Complaint. (Decl. of Kimberly Arouh ("Arouh Decl.") ¶¶ 2–6, ECF No. 19-2.) Smith Micro submits a Certificate of Service noting that it served paper copies of the Motion on all parties not receiving notice via the electronic case filing system, which includes Reliance. (Mot. 15.) Therefore, Smith Micro has satisfied the requirements of FRCP 54(c) and 55, as well as Local Rule 55-1.

**B.** *Eitel* **Factors**

Smith Micro seeks default judgment as to all four of its causes of action. (Mot. 8–11.) The Court finds the *Eitel* factors weigh in favor of entering default judgment as to Smith Micro's causes of action for breach of contract, account stated, and common count for goods and merchandise sold and delivered, but not as to Smith Micro's claim for unjust enrichment.

*1. Possibility of Prejudice to Plaintiff*

The first *Eitel* factor asks whether the plaintiff will suffer prejudice if a default judgment is not entered. *Eitel*, 782 F.2d at 1471. Denial of default leads to prejudice when it leaves a plaintiff without a remedy or recourse to recover compensation. *Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010); *PepsiCo*, 238 F. Supp. 2d at 1177. Reliance has failed to appear or participate in this action. Absent entry of default judgment, Smith Micro is without recourse to recover. Accordingly, this factor weighs in favor of default judgment.

*2. Substantive Merits & 3. Sufficiency of the Complaint*

The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (alteration in original) (quoting *PepsiCo*, 238 F. Supp. 2d at 1175). To weigh these two factors, the Court must evaluate the merits of each cause of action.

<u>Breach of Contract</u>

A breach of contract action in California requires a plaintiff to establish: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

Smith Micro has alleged sufficient facts to establish each of the requisite elements for a breach of contract claim. First, Smith Micro alleges the existence of a valid contract, the Agreement, executed by both parties on January 22, 2018. (Compl. ¶ 9;

Agreement.)  Second, Smith Micro fully performed all obligations under the Agreement and met all schedule milestones and estimated delivery dates.  (Compl. ¶¶ 10–13, 23.)  Third, Smith Micro invoiced Reliance for payments owed and that Reliance breached the Agreement by failing to pay the invoices.  (Compl. ¶¶ 15–20, 22.)  Finally, Smith Micro has been harmed by Reliance's breach in an amount no less than the unpaid invoices plus accruing interest due under the Agreement.  (Compl. ¶ 24.)  Accepting as true the well-pleaded factual allegations in the Complaint, Smith Micro has stated a claim for breach of contract.

### Account Stated

"An account stated is an agreement, based on prior transactions between the parties, that all items of the account are true and that the balance struck is due and owing from one party to the other."  *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1091 (9th Cir. 1989) (quoting *Trafton v. Youngblood*, 69 Cal. 2d 17, 25 (1968)).  Under California law, "the existence of an account stated need not be express and frequently is implied from the circumstances."  *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1543 (9th Cir. 1988).  "[W]here a creditor renders a statement and the debtor fails to object within a reasonable time, the open account may be superseded by an account stated."  *Id.*

Smith Micro has alleged sufficient facts to establish its claim for account stated.  Smith Micro sent "Reliance multiple statements of the amounts Reliance owed to [Smith Micro]."  (Compl. ¶ 26; *id.* ¶¶ 15, 17, 19.)  "Reliance never objected to the validity of the statements delivered to it by [Smith Micro]" or disputed that the account stated was correct.  (Compl. ¶¶ 27–28; *id.* ¶¶ 16, 18, 20.)  Reliance nevertheless failed to pay the amount owed.  (Compl. ¶ 29.)  Accepting as true the well-pleaded factual allegations in the Complaint, Smith Micro has stated a claim for account stated.

### Unjust Enrichment

Generally, California law does not permit a standalone cause of action for unjust enrichment.  *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010).

1 "However, unjust enrichment and restitution are not irrelevant in California law. Rather, they describe the theory underlying a claim that a defendant has been unjustly conferred a benefit . . . The return of that benefit is the remedy typically sought in a quasi-contract cause of action." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citation and internal quotation marks omitted). Regardless, an unjust enrichment claim must fail if the parties are bound by a valid express contract that defines the parties' rights. *Durell*, 183 Cal. App. 4th at 1370; *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996). "When the parties have an actual contract covering a subject, a court cannot—not even under the guise of equity jurisprudence—substitute the court's own concepts of fairness regarding that subject in place of the parties' own contract." *Hedging Concepts, Inc. v. First All. Mortg. Co.*, 41 Cal. App. 4th 1410, 1420 (1996).

Smith Micro cannot prevail on a separate cause of action for unjust enrichment because the parties entered into a valid express contract which covers the subject matter of this action. (*See* Agreement.) Smith Micro argues Reliance received the benefit of Smith Micro's work product and failed to pay for it despite the Agreement. (Mot. 10.) Smith Micro contends Reliance continues to unjustly retain the benefit of Smith Micro's work product at Smith Micro's expense. (Mot. 10.) As the Agreement provides the terms that govern Smith Micro's and Reliance's rights and obligations with respect to Smith Micro's work product, Smith Micro's unjust enrichment claim fails as a matter of law.

Common Count for Goods and Merchandise Sold and Delivered

"A common count is proper whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished." *Util. Audit Co. v. City of Los Angeles*, 112 Cal. App. 4th 950, 958 (2003). "It makes no difference in such a case that the proof shows the original transaction to be an express contract, a contract implied in fact, or a quasi-contract." *Id.* A plaintiff may state a claim for a common count for goods and merchandise sold and

7

delivered by alleging that the defendant became indebted to the plaintiff for goods and merchandise, sold by the plaintiff to the defendant at defendant's request, and that some part of the sum promised has not been paid. *See Brown v. Nat'l Royalties, Inc.*, 169 Cal. App. 2d 836, 838–39 (1959) (finding allegation sufficient to state a claim).

Smith Micro has alleged sufficient facts to establish its common count of goods and merchandise sold and delivered. Smith Micro "sold and delivered goods to Reliance, at Reliance's request." (Compl. ¶ 39; *id.* at ¶¶ 2, 10–11.) Reliance promised to pay for, and accepted delivery of, "the goods created and delivered by [Smith Micro]." (Compl. ¶¶ 40–41; *id.* at ¶¶ 2, 11.) Finally, Smith Micro alleges that the value of the goods is at least $158,000 and that Reliance should be required to pay for the goods it accepted. (Compl. ¶¶ 42–43.) Accepting as true the well-pleaded factual allegations in the Complaint, Smith Micro has stated a common count for goods and merchandise sold and delivered.

Smith Micro has stated a claim on which it may recover as to its breach of contract, account stated, and goods and merchandise sold and delivered causes of action. As such, the second and third *Eitel* factors favor default judgment on those claims.

### 4. Amount at Stake

The fourth *Eitel* factor balances the amount of money at stake with the "seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176; *Eitel*, 782 F.2d at 1471. The amount at stake must be proportionate to the harm alleged. *Landstar*, 725 F. Supp. 2d at 921. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's action." *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).

Here, Smith Micro seeks $158,000 plus late fees resulting from three unpaid invoices for software and services it delivered to Reliance pursuant to the Agreement. The Agreement was negotiated between two sophisticated business entities that are knowledgeable about the field, the value of Smith Micro's software and services, and

industry standards regarding late fees. (Decl. Timothy Huffmyer ("Huffmyer Decl.") ¶ 2–6, 14, ECF No. 19-3.) Reliance breached the Agreement by failing to pay these invoices, which breach harmed Smith Micro in the amount Reliance has failed to pay. Accordingly, the amount at stake is proportionate to the harm alleged and this factor favors of entry of default judgment.

### 5. *Possibility of Dispute*

The fifth *Eitel* factor considers the possibility that material facts are in dispute. *PepsiCo*, 238 F. Supp. 2d at 1177. As the allegations in Smith Micro's Complaint are presumed true, Reliance's failure to appear in this action results in a finding that "no factual disputes exist that would preclude entry of default judgment." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1013 (C.D. Cal. 2014). Accordingly, this factor favors entry of default judgment.

### 6. *Possibility of Excusable Neglect*

The sixth *Eitel* factor considers the possibility that a defendant's default is the result of excusable neglect. *PepsiCo,* 238 F. Supp. 2d at 1177. Smith Micro served its complaint on Reliance on May 8, 2019. Reliance was thus on notice and failed to respond. No facts before the Court indicate that Reliance's default is due to excusable neglect. As such, this factor favors entry of default judgment.

### 7. *Policy Favoring Decisions on the Merits*

"[D]efault judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). However, where the defendant fails to answer the plaintiff's complaint, "a decision on the merits [is] impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. Because Reliance failed to appear or otherwise respond, a determination on the merits is impossible. Accordingly, this factor does not preclude entry of default judgment.

On balance, the *Eitel* factors support entry of default judgment on Smith Micro's causes of action for breach of contract, account stated, and common count for goods

and merchandise sold and delivered. As such, the Court **GRANTS** Plaintiff's Motion for Default Judgment as to those causes of action.

**C.   Damages**

Through its Motion, Smith Micro seeks to recover the unpaid invoices, late fees, and litigation expenses. (Mot. 4.) Smith Micro establishes that the February Invoice amount is $24,000; the First June Invoice amount is $110,000; and the Second June Invoice amount is $24,000. (Huffmyer Decl. ¶¶ 11–13, Exs. 2–4.) The three invoices total $158,000. Smith Micro also establishes that the Agreement provides for a one-and-a half percent (1.5%) late payment charge per month for all past due amounts. (Huffmyer Decl. ¶ 14; Agreement § 4.1.) Smith Micro gave Reliance notice in its complaint that it would seek these late fees plus accruing interest. (*See* Compl. at 8 (seeking "no less than $158,000.00 plus a monthly 1.5% late fee charge per month . . . which continues to accrue").) Through its Motion, Smith Micro seeks a late fee related to the February Invoice of $5760 (1.5% x $24,000 x 16 months overdue); a late fee related to the First June Invoice of $18,150 (1.5% x $110,000 x 11 months overdue); and a late fee related to the Second June Invoice of $3960 (1.5% x $24,000 x 11 months overdue). (Huffmyer Decl. ¶ 16; *see also* Compl. ¶ 2.) These late fees total $27,870. When added to the outstanding invoiced amount, Smith Micro has established that it is entitled to damages in the amount of **$185,870**.

Smith Micro also requests $1206 in litigation costs incurred in connection with this action. (Mot. 14.) Smith Micro supports this request with a breakdown of expenses provided by its attorney, Kimberly Arouh. (Arouh Decl. ¶ 7.) The Court finds Smith Micro has adequately supported the costs requested and **GRANTS** Smith Micro's request for litigation costs in the amount of **$1206**.

Smith Micro does not request attorneys' fees and the Court does not award them.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Entry of Default Judgment as to Smith Micro's causes of action for breach of contract, account stated, and common count for goods and merchandise sold and delivered. (ECF No. 19.) The Court **DENIES** Smith Micro's Motion as to its cause of action for unjust enrichment. The Court awards **$185,870** (inclusive of the late fees agreed upon in the parties' Agreement) and litigation costs in the amount of **$1206**. The Court will issue Judgment.

**IT IS SO ORDERED.**

January 14, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**